Upon the question of costs the following opinion was delivered by
Section 304 of the code gives costs to the plaintiffs of course in several cases: among others in an action for the recovery of the possession of personal property, and also in an action for the recovery of money where the plaintiff shall recover $50 or more. The plaintiffs' claim in this case has not been sustained in this court upon the ground that it embraces two causes of action, one for money, and the other for the possession of personal property, but upon the ground that it is an action by the assignees of a debtor to have an account from a creditor of his dealing with securities pledged to him for the *Page 492 
payment of certain debts, and a delivery up of the paid obligations or evidences of debt. Such an action we do not think can be properly described as an action either for the recovery of money, or for the recovery of the possession of personal property. Each subdivision of section 304 relates to a distinct kind of action, and in order that an action should be deemed to be embraced in the provisions of the section, it should come under some one subdivision. An action for the recovery both of money and of the possession of personal property is not within the provisions of section 304. Each subdivision is complete in itself, and to have costs under the section, the cause of action must be such as is specified in some single subdivision.
It was adjudged in Todd v. Crookshanks (3 J.R. 432), that the maker of a paid note could not maintain trover against the payee who refused to give it up, that it was in law of no value. Now it is obvious that if the claim of the plaintiffs in this case, is to be regarded as an action for the recovery of the possession of personal property, besides the difficulty that the case cited determines that the plaintiffs have no property in the paid notes, this further difficulty exists, that as it is held to be of no value, and as for the detention of a thing of no value there can be no legitimate damages, their right to recover costs would be made to depend on the merely accidental fact, that upon the securities in the hands of the defendant a surplus of over $50 has been received, and if that feature were out of the case, as it might very well be, or if the amount of the surplus were under fifty dollars, then the plaintiffs would recover no more costs than damages, or perhaps have to pay costs. These consequences would be the legitimate and necessary results of holding this action to be embraced by the provisions of section 304. We think it does not come within that section, but comes under the description of "other actions" mentioned in section 306, in which costs may be allowed or not in the discretion of the court. These views are confirmed by reference to sections 285, 286 and 289, in reference to the enforcement of judgments, which show that the execution for the delivery of personal property *Page 493 
would be wholly inadequate to the relief proper in such a case as this.
Judgment reversed and judgment ordered for the plaintiff on the demurrer with costs in the court below, but without costs to either party in this court.